## CARR v. LEWIS.

After the second indorser of a protested note had taken it up, and while he held it, the maker paid the amount to the first indorser. The second indorser, with knowledge of the facts, gave time to the first indorser for the payment of the note: *Held*, that the maker did not stand upon the footing of a surety to the first indorser, and was not discharged by the extension of time.

The maker had a right of action against the person with whom he deposited the money for not paying it to the holder of the note, and this right of action was in no way affected by any arrangement made with the indorser as to his liability upon the note.

APPEAL from the Supreme Court. The defendant made his promissory note payable to Wilson & Calkins at Albany The payees procured Roth & Co. to become second indorsers of it for their accommodation, and it was discounted by a Troy bank. The note being unpaid at maturity, the indorsers were duly charged, and Roth & Co. took up the note. After this the defendant paid the amount into the hands of Wilson & Calkins. They did not pay it over to Roth & Co., but the latter some time afterward, with notice of all the facts, took the notes of Calkins & Wilson, maturing at different dates in the future, for what the latter owed them, including the amount of their liability upon the note in question. Roth & Co. at the time insisted upon retaining the defendant's note until the notes of Calkins & Wilson should be paid, when it was to be surrendered. The notes not being paid, Roth & Co. assigned the defendant's note to the plaintiff in this action. The facts having been proved upon the trial before Mr. Justice GOULD, without a jury, he held that when the defendant paid the amount of the note to Calkins & Wilson he became surety as

between them, and that Roth & Co. having, with knowledge of this fact, given time to the principal debtors, had discharged the defendant. He accordingly ordered judgment for the defendant, which having been affirmed at general term in the third district, the plaintiff appealed to this court. The cause was submitted on printed briefs.

.*G. Stow*, for the appellant.

*C. F. Tabor*, for the respondent.

JOHNSON, Ch. J.   When the note in suit became due it was the duty of the defendant to pay it to the holders, and as this duty was not performed, both the maker and the indorsers (they having been duly charged as indorsers) were liable absolutely to the holders.   This being the condition of the parties the maker gave the amount of the note to the payees, who had no authority from the holders to receive the money; and the holders having, after knowledge of this fact, taken from the payees a note on time for their indebtedness, including the amount of the note in suit, the maker now insists that he was thereby discharged.   The principle of which he seeks to avail himself is that a surety shall be discharged by the creditor's giving time to the principal debtor.   The ground on which that rule rests is, that by such an arrangement the surety may be prejudiced in respect to his remedy against the principal debtor. But the circumstances of this case show that it cannot be brought within the rule.   The payees were not in any respect the agent of the holders.   They had not title to receive the money from the maker, and were bound to restore it to him on demand.   To his action for the money they could have interposed no defence, either before they had received time from the holders for the payment of their indorsement or afterwards.   The maker could therefore sustain no legal prejudice by that agreement for time, and he cannot therefore be regarded as standing in the position of a surety for the indorsers.

The most favorable view which can be taken of the position

of these parties is to consider the indorsers as agents of the maker to take up his note from the holders. An agent so situated might be accepted by the creditor as the debtor, and the principal discharged, but no such fact appears in this case. On the contrary, the evidence shows that the creditors insisted on retaining the liability of the principal debtor, the maker, and that they dealt with the indorsers only in respect to their own liability on the note, leaving the maker to settle his own rights with his agents as he should think fit.

The judgment should be reversed, and a new trial ordered

SELDEN, J., was absent; all the other judges concurring,

Judgment reversed, and new trial ordered.