IRA ANNA HARPENDING, Respondent, *v.* ELISHA GRAY, Appellant.

*Action on a promissory note — payment to a third person no defense.*

*Semble,* that in an action brought on a promissory note by the holder thereof, payment of the same to a third person, after he had parted with the possession thereof, is no defense to the action, even though the party suing upon the note paid no consideration therefor, and received it after maturity.

APPEAL by the defendant, Elisha Gray, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1893, upon the verdict of a jury for $3,479.50, by direction of the court, after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 17th day of April, 1893, denying the defendant's motion for a new trial.

*R. L. Harrison,* for the appellant.

*W. O. Campbell,* for the respondent.

Van Brunt, P. J. :

This action is founded upon a promissory note made by the defendant to his own order and indorsed, and alleged to have been acquired by the plaintiff in good faith before maturity. The defense admits the making of the note, but denies any knowledge or information sufficient to form a belief whether the alleged copy of the note contained in the complaint is a true copy of the note executed by her, and also denies any knowledge or information as to whether said note passed to the plaintiff for value before maturity; and further answering, alleges that the note has been paid, and that the note was lost or mislaid by the holder thereof, and at the request of the holder upon the representation that such note was lost, the defendant paid such note; and that defendant is informed and believes that the plaintiff well knew that the note had been lost, and had been paid by the defendant when the note came into the hands of the plaintiff.

Upon the trial it appeared that the note was made on the 13th of September, 1886, payable six months after date, and was delivered to one Rodney M. Whipple, who delivered it with other notes to D. H. Jackson in part payment for stock in the Chicago Mining and Reduction Company, some time after the notes were made and before maturity. Subsequently Whipple had transactions with one D. G. Roberts whereby Roberts is alleged to have pledged with Whipple, for loans to him, $15,000 of the defendant's paper. Roberts delivered to Whipple $12,500 and was to send him $2,500 more; and stated to him that he and Jackson had some unsettled matters, and that Jackson had not delivered to him the last $2,500 note he was entitled to, and the matter would be fixed up after a while, and he would send it to him. It appears that Roberts never delivered the note in question to Whipple, and there is some statement of a correspondence in respect to its being lost. But it further appears that Roberts did deliver $12,500 notes upon this $10,000 loan from Whipple to him, which notes were paid; and there was also evidence tending to show that the defendant paid to Whipple the $2,500 note in suit upon the theory that it was lost.

The evidence further shows that between the 5th and 15th of October, 1886, Roberts called with the note in question at the office of the plaintiff's husband in East Twenty-fifth street in the city of

New York and desired to get some money upon it, and that the husband, having certain moneys of his wife's, by and with her consent, bought and paid for the note.

It is urged that the evidence in regard to the buying of, and payment for, the note by the plaintiff's husband was of such a character as to excite suspicion, and that the question should have been submitted to the jury as to the credibility of such evidence.

But the question as to the right to recover goes beyond this. There is no doubt that Jackson was a holder of this note for value, and that the defendant paid this note to Whipple after the latter had parted with the same; and there is no evidence that Whipple ever again had possession of the note, or ever had any right to the note, except upon the promise of Roberts to deliver it upon the loan of $10,000 which was entirely paid without such delivery.

It appears, therefore, that Whipple had no title to the note, and no right to collect the same. We think, therefore, that the learned court below was correct in directing the verdict, as there was no question which could be submitted to the jury. If any payment of this note was made, it was made to a party not entitled to receive it. Aside from this feature of the transaction, the fact of the note having been held for so long, and some of the peculiar features in regard to its purchase, might have excited suspicion, and justified the submission of the case to the jury. But when we consider that Jackson was a holder for value, and that Whipple from the time he first parted with the note, never acquired any title thereto, never was the actual owner of the note, and never had possession of the same, it is evident that payment to him would be no defense, as against a holder of the note, even though such holder had paid no consideration and had received the note after maturity.

The judgment and order should be affirmed, with costs.

O'Brien and Parker, JJ., concurred.

Judgment and order affirmed, with costs.