treasurer which deeds were recorded in the office of the county clerk on September 23, 1915. This action was commenced June 7, 1921. It was held that under section 132 of the Tax Law the action was not brought in time.

*Henry A. Uterhart* and *Percy D. Stoddart* for appellant.
*Harry W. Moore* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

NATIONAL BANK OF WATERVLIET, Respondent, *v.* LEWIS MARTIN, Appellant, Impleaded with Another.

*Bills, notes and checks — action to recover on promissory note discounted by plaintiff — defense that by collateral agreement known to plaintiff the note was payable in installments, a new note being given every three months for the balance due — plaintiff may recover where tender of payment of installment and of new note was made to payee instead of to it.*

*National Bank of Watervliet* v. *Martin*, 203 App. Div. 390, affirmed. (Argued March 16, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 20; 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was to recover on a promissory note indorsed by the payees and discounted by plaintiff. The defense was that the note was given in the performance of a contract made between the defendant Martin and one P. Jesse Matton by the terms of which Matton agreed to build a boat of certain dimensions and according to certain specifications and agreed that the same would be completed and ready for delivery on the 15th day of May, 1921. The defendant Martin agreed to pay for such boat the sum of $10,500, $3,000 down and a $7,500 note for three months without interest, and that Martin at the end of three months should pay to Matton the sum of $250 in cash and renew the note for three months for

$7,250, with interest, and upon the expiration of the second note to pay $250 and interest, and the said Matton further agreed that Martin be allowed to renew said note every three months until the principal and interest were paid, and be allowed to pay the whole or any part of said note on any renewal day; that the boat has never been completed or delivered; that plaintiff accepted the note from the payees with full knowledge of the collateral agreement and that defendant on May 10, 1921, tendered to said Matton $250 in cash and a renewal note for $7,250 payable three months from the date thereof.

*John J. Mackrell* for appellant.

*John T. Norton* and *Eugene McLean* for respondent.

Judgment affirmed, with costs, on the ground that when the note fell due the maker did not tender plaintiff bank $250 and a renewal note for $7,250; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

A. C. WICKE MFG. Co., Respondent, *v.* CHARLES DINKEL et al., Appellants, Impleaded with Others.

*Liens — action to foreclose mechanic's lien — when cooler erected in leased premises at request of tenant a fixture.*

*Wicke Mfg. Co.* v. *Dinkel*, 200 App. Div. 869, affirmed.
(Submitted March 16, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered March 2, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants, appellants, entered upon the report of a referee and directing judgment in favor of plaintiff. The action was to foreclose a mechanic's lien for the cost of erecting a cooler in premises belonging to to defendants, appellants, at the request of a corporation, since bankrupt, but at that time a lessee and occupant of the store on the ground floor of the premises. The trial court found that the ice box was a trade fixture in ordinary use in any butcher business and that it was not incorporated into the freehold and was not intended to