**584** Pellegrino *v.* First National Bank of Newark, N. Y.

Fourth Department, November, 1924. [Vol. 210

---

MAURO PELLEGRINO, Respondent, *v.* FIRST NATIONAL BANK OF NEWARK, N. Y., Appellant, Impleaded with MARTIN MOLL, as Trustee in Bankruptcy of POLLOCK LUMBER COMPANY, INC., and Another, Defendants.

Fourth Department, November 12, 1924.

Bills and notes — action to compel reconveyance of property held as security for payment of note — owner gave note to building contractor under agreement that note was to be paid by delivering net amount of first mortgage loan, second mortgage not to exceed stated amount, and balance in cash — contractor discounted note at bank which had knowledge of agreement and received deed of premises from contractor — bank refused to reconvey unless note was paid in full in cash — bank was not holder of note in due course — note was subject to terms of contract — owner entitled to reconveyance on payment according to contract — bank not required to reconvey free from mechanic's lien though contract with building contractor so provided.

The owner of real property, who gave a deed to a building contractor to secure a promissory note covering the contract price for the construction of a house thereon, is entitled to a reconveyance of the property from a bank which discounted the note and received a deed of the property from the contractor, where it appears that the building contract provided for payment of the note by delivering to the contractor the net amount realized upon a first mortgage loan which might be obtained on the premises, and, if that was not sufficient to cover the face of the note, by delivering a bond and second mortgage on the property not to exceed a stated amount, and by paying the balance then remaining, if any, in cash; that the premises were to be reconveyed to the plaintiff free from any lien or incumbrance except taxes and assessments upon receiving payment as agreed; that the note was given to the contractor to enable it to obtain funds to construct the house; that the contractor discounted the note at a bank which had knowledge of the terms of the contract and which accepted a deed of the premises from the contractor as security; that the owner offered to pay the bank the note in accordance with the terms of the contract upon receiving a reconveyance of the premises free from incumbrances; and that the bank refused to reconvey unless the note was paid in full in cash.

Under the circumstances, the bank was not a holder of the note in due course, but the note in its hands was subject to the terms of the contract and payment in accordance therewith would constitute payment of the note.

The bank will not be required, however, to reconvey the premises free from a mechanic's lien, notwithstanding the provision in the contract between the owner and the building contractor, for the bank did not make a contract so to do, and it did not take the note subject to defenses which might arise through the failure of the contractor to carry out its contract, but only subject to the agreement as to the method of payment.

APPEAL by the defendant, First National Bank of Newark, N. Y., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 30th day of June, 1924, upon the decision of the court rendered after a trial at the Monroe Equity Term.

The judgment directs said defendant to reconvey to the plaintiff certain premises described in the complaint upon the payment of $5,600, and to satisfy and discharge a certain mechanic's lien for $442.72.

*Merle Lewis Sheffer,* for the appellant.

*H. H. Cohen,* for the respondent.

SEARS, J.:

The plaintiff entered into a contract in writing with the Pollock Lumber Company, Inc., by the terms of which the company agreed to build a house for the plaintiff upon property which he owned. When the building was finished the plaintiff was to pay the company $5,600 for constructing the house by delivering to the company the net amount realized upon any first mortgage loan which might be obtained on the premises, and if that amount was not sufficient, by delivering a bond and second mortgage in a sum not to exceed $2,000 to be executed by the plaintiff, and by paying the balance then remaining, if any, in cash. To secure the company the plaintiff was to deliver a deed to the company and the company was to reconvey the premises to the plaintiff free from lien and incumbrance, except taxes and assessments, upon receiving the payments mentioned. As a part of the same transaction, the plaintiff signed and delivered to the Pollock Lumber Company, Inc., his promissory note for $5,600 to enable the Pollock Lumber Company, Inc., to obtain funds for the carrying out of the contract. The note was payable in three months. There was no consideration for the note other than the promises of the Pollock Lumber Company, Inc., contained in the contract, and payment for constructing the house in accordance with the terms of the contract was to constitute payment of the note. All these facts were

brought to the attention of the defendant First National Bank of Newark, N. Y., and with the knowledge of these facts the bank discounted the note for the Pollock Lumber Company, Inc., and accepted a conveyance from the Pollock Lumber Company, Inc., of the lot which had been deeded by the plaintiff to the Pollock Lumber Company, Inc., as security. The note was renewed. The building was substantially completed. The plaintiff offered to pay the bank the renewal note in accordance with the terms of the contract upon receiving a reconveyance of the premises free of incumbrances. The bank insisted upon payment of the entire amount of the note in cash. This action to compel reconveyance resulted.

Under these circumstances we agree with the learned trial court that the bank was not a holder of the note in due course but that the note in its hands was subject to the terms of the contract and that payment in accordance therewith would constitute payment of the note. The provisions in relation to payment constituted a definite agreement not dependent upon any future compliance with the contract by the Pollock Lumber Company, Inc. When the plaintiff tendered such payment to the bank, he was entitled to a surrender of the note and a reconveyance of the property. (*Title Guarantee & Trust Co.* v. *Pam,* 232 N. Y. 441.) The decision in *National Bank of Watervliet* v. *Martin* (235 N. Y. 611, affg. 203 App. Div. 390) is not inconsistent with this view when the ground for the affirmance stated in the memorandum of the decision of the Court of Appeals is taken into consideration.

One circumstance, however, remains to be considered. A mechanic's lien against the property has been filed by the defendant Domenico Giamberardino for $442.72, with interest from July 6, 1923. The judgment which has been entered requires the bank to pay this lien. It was the duty of the Pollock Lumber Company, Inc., under the terms of the contract, to reconvey the premises to the plaintiff free of liens but the bank made no contract in this respect. It did not take the notes subject to defenses which might arise through the failure of the Pollock Lumber Company, Inc., to carry out its contract, but only subject to the agreement as to the payment which was to be made by the plaintiff when the contract was fully performed. The bank as the purchaser of the note " was not affected by equities that might never come into being." (*Title Guarantee & Trust Co.* v. *Pam, supra,* 457; *Tradesmen's Nat. Bank* v. *Curtis,* 167 N. Y. 194.) Reconveyance by the bank subject to Giamberardino's lien is all the plaintiff can require.

The fourth conclusion of law is disapproved; the fifth conclusion of law should be modified by inserting after the words " water

rents " the words " and excepting also a certain lien in favor of Domenico Giamberardino for $442.72, with interest from July 6, 1923," and the judgment should be modified by striking therefrom the provision that the First National Bank of Newark, N. Y., pay, satisfy and discharge such lien, and as so modified affirmed, without costs of this appeal to either party.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment modified in accordance with the opinion and as so modified affirmed, without costs of this appeal to either party.