FIRST NATIONAL BANK OF NEWARK, N. Y., Appellant, v. JEROME WILLIAM HAUSS, JR., and Another, Respondents.

Fourth Department, December 23, 1925.

**Bills and notes — action to recover on one of three promissory notes given by defendants to contractor under contract to build house — plaintiff discounted note — note showed that it arose out of building contract — defendants made cash payments to contractor without demanding application on notes — execution of building contract was consideration for notes — contractor was not agent of plaintiff to collect though business relations between two were close — no evidence to support defense that plaintiff agreed not to hold defendants liable.**

Three promissory notes given by the defendants to a contractor at the time of the execution of a contract to erect a house for the defendants, were given for

a valid consideration, and in an action by the plaintiff, who discounted one of the notes, to recover the face thereof less a payment made by the contractor, the defense of no consideration fails.

Although the note in question showed that it was given by the defendant on a building contract, and although the plaintiff, who financed the contractor to a large extent, kept in close touch with the contractor's affairs, the contractor was not the agent of the plaintiff to collect the note in question, and, therefore, payments made in cash by the defendants to the contractor, without demand that the payments be applied on the notes, were made at the risk of the defendants and will not be credited on the note discounted by the plaintiff.

There was no evidence to sustain the defense that the plaintiff agreed not to hold the defendants liable on the note.

Appeal by the plaintiff, First National Bank of Newark, N. Y., from a judgment of the County Court of Monroe county in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 20th day of February, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of January, 1925, denying plaintiff's motion for a new trial made upon the minutes.

*Merle Lewis Sheffer,* for the appellant.

*Frederick Wiedman,* for the respondents.

Sears, J.:

The defendants on the 18th day of April, 1923, entered into a contract with the Pollock Lumber Company, Inc., a corporation engaged in the contracting business as well as in the business of selling lumber in the city of Rochester, for the construction of a dwelling house to be completed on or before the 1st day of June, 1923. The defendants by this contract agreed to pay for the building of the house the sum of $4,195 as follows: $1,066 when the roof should be on the house; $1,066 when the house should be plastered, the balance, $2,063, when the house should be finished. At the time of executing the contract the defendants signed three promissory notes to the order of the Pollock Lumber Company, Inc., each dated April 18, 1923, one for $1,066 payable two months after date, the second for $1,066 payable four months after date, and the third for $2,063 payable four months after date. Each note was expressly made payable at the First National Bank of Newark, N. Y. To the note for $2,063 there was subjoined a statement to the effect that the note arose out of the purchase of lumber by the defendants from the Pollock Company, but was not to be construed to waive any right of the Pollock Company to file a mechanic's lien for the price of such lumber. Two days after the signing of the contract and the notes, the Pollock Company

discounted the note for $2,063 with the plaintiff. The Pollock Company seems at once to have entered upon the operation of building the house as provided in the contract and to have substantially completed the work by July. The defendants meanwhile made arrangements with certain savings and loan associations to secure money to pay for the building of their house. In accordance with the instructions of the defendants payments were made by these loan associations to the Pollock Company from time to time. One thousand dollars was paid to the Pollock Company about the 18th day of May, 1923, a second payment of $1,000 was similarly made on the 21st day of June, 1923, payment of $1,200 was made in the same way on the 2d day of July, 1923, and a payment of $920 on the 12th day of July, 1923. In no case was any attention paid to the notes. None of them was surrendered when payment was received. All these payments were made without knowledge on the part of the defendants of the discount of the third note with the plaintiff. The Pollock Company remitted to the plaintiff the fourth payment which amounted to $920, but failed to remit any other sum, and this action was brought to recover the balance of the note of $2,063 after crediting the payment of $920 thereon. The trial judge submitted to the jury three defenses: *First*, that the note was without consideration, and the plaintiff was not a purchaser for value in due course because of notice; *second*, payment, and *third*, an agreement upon the part of the bank at the time of the discount not to hold the defendants upon the note. The jury found a verdict in favor of the defendants. The appellant contends that no one of these three defenses is sustained by the evidence.

The notes and the contract were parts of the same transaction. The lumber mentioned in the statement subjoined to the note in suit went into the building provided for in the contract. Payment of the note would constitute payment upon the contract. (*Pellegrino* v. *First National Bank*, 210 App. Div. 584.) This is far from saying that the note was without consideration. The promise to furnish the lumber included in the building contract was an adequate consideration for the note. The court correctly charged that " the fact that a note is given on a promise for a future delivery of lumber or performance of some kind of a contract, is sufficient to constitute a consideration, a legal consideration." (*Carman* v. *Pultz*, 21 N. Y. 547.) The evidence presents no question of fact upon the defense of lack of consideration. Respondents apparently concede this for in their brief no attempt is made to justify the verdict on this theory.

The principal defense relied upon at the trial and urged on

this appeal is payment, which in turn rests upon the contention that the Pollock Lumber Company, Inc., or Frank Pollock, the treasurer of that company, was the agent of the plaintiff to receive payment of the note in suit. The evidence upon which the defendants rely to establish this is too voluminous to be referred to in any detail. The relationship between the plaintiff and the Pollock Company is shown to have been close. The lumber company leaned hard upon the plaintiff for financial support throughout its life. At its organization in November, 1922, the plaintiff lent three of the four men interested in the company the money to purchase the capital stock subscribed to by them, and also advanced $6,000 for working capital upon the company's own promissory note. From that time on the company seems always to have been largely in debt to the bank. The officers of the bank at all times kept close watch over the business of the lumber company. The contracts which the company entered into were submitted to the bank. The books of the company were inspected periodically by the bank's officers. On one occasion after the discount of the note in suit, the president of the bank insisted on the company countermanding certain orders for lumber. At another still later occasion the president of the bank in a discussion of the affairs of the Pollock Company with its officers, expressed a strong opinion that nothing was possible for the Pollock Company but a receivership, although very shortly afterwards the bank attested its friendship and good will by granting the company a loan of almost $13,000 upon the security of a chattel mortgage upon the personal effects of the company. Such friendship and good will we may be sure were not altogether altruistic. They had their basis, in part at least, in the financial expectations and requirements of the bank. There is some slight evidence from which the jury could find that the bank knew the terms of the Hauss contract before the discount of the note, and knew that the sum provided to be paid by the contract included the amount covered by the note. All this, however, falls far short of proof of an agency, expressly or impliedly, given by the bank to the Pollock Lumber Company, Inc., or to Frank Pollock to receive payment of the note. A holder of a note in due course is not bound by a payment made to a prior holder. Such a payment is at the peril of the one making it. (*Carr* v. *Lewis*, 20 N. Y. 138; *Harpending* v. *Gray*, 76 Hun, 351.) The defendants did not know of the transfer of the note to the plaintiff, and, consequently, could not have been misled by any action on the part of the bank. So the court charged. The terms of the contract alone were not sufficient to justify the defendants in paying their obligation upon the contract to the Pollock Lumber Company,

Inc., in view of the signing and delivering of the negotiable promissory notes which were expressly payable at the bank. (*National Bank of Watervliet* v. *Martin*, 235 N. Y. 611, affg. 203 App. Div. 390; *Doubleday* v. *Kress*, 50 N. Y. 410.)

The defense founded on a specific agreement not to hold the defendants is without evidence to sustain it. We, therefore, need not pass on its sufficiency in law. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291.)

The defendants failed to establish any of their defenses.

The judgment and order should be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.