THE FIRST NATIONAL BANK OF NEWARK, N. Y., Appellant, *v.* CHARLES W. COLLAMER, Respondent.

Fourth Department, June 29, 1926.

Bills and notes — action to recover on two promissory notes payable to lumber company and discounted by plaintiff — plaintiff refused to renew notes — defendant gave lumber company two notes payable at another bank — lumber company discounted said notes but failed to pay notes in suit — lumber company was not agent for plaintiff in transaction — evidence does not show that lumber company paid proceeds of second notes to plaintiff.

This is an action to recover on two promissory notes given by the defendant to a lumber company and discounted by the plaintiff prior to maturity. The plaintiff refused to renew the notes and the defendant made two new notes payable at another bank, gave them to the lumber company with directions to discount them and from the proceeds pay the notes in suit. The lumber company discounted the new notes but failed to pay the notes in suit.

The evidence does not sustain the contentions of the defendant that the lumber company was, throughout the transaction, acting as the agent of the plaintiff and that the money received by the lumber company on the discount of the new notes was received by it as agent for the plaintiff, or that the money received

**250** FIRST NATIONAL BANK OF NEWARK, N. Y., *v.* COLLAMER.

Fourth Department, June, 1926.                    [Vol. 217

by the lumber company on the discount of the new notes was eventually paid to the plaintiff so that the plaintiff received the benefit thereof in the discharge of the obligations on the original notes.

CROUCH, J., dissents.

APPEAL by the plaintiff, The First National Bank of Newark, N. Y., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Wayne on the 6th day of January, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Lewis A. Gilbert,* for the appellant.

*MacFarlane & Harris [William MacFarlane* of counsel], for the respondent.

TAYLOR, J. In May, 1923, defendant executed and delivered to the Pollock Lumber Company two promissory notes, one for $2,000 and one for $1,000, payable to the order of said company at plaintiff's bank. Plaintiff became the owner and holder of the notes by indorsement and delivery thereof before maturity. Before the payment date of the notes in August, 1923, defendant prepared to renew the notes. He did this by executing checks to the amount of $395 and two promissory notes for $1,800 and $850, respectively, payable at plaintiff's bank; these checks and notes he delivered to Louis Pollock, president of the Pollock Lumber Company, with directions to him to have the original notes renewed.

Pollock presented the notes at plaintiff's bank. Plaintiff's cashier declined to renew the notes, stating that they must be paid and advising Pollock to get the renewal notes cashed elsewhere. Pollock reported back to the defendant, who destroyed the renewal notes and executed two new ones payable at the Traders National Bank of Rochester. Pollock discounted these notes at the Traders Bank on September 7, 1923, but, instead of paying the original notes, deposited the proceeds at the Traders Bank in the account of the Pollock Lumber Company.

Plaintiff brought suit on the two original notes. The jury found a verdict of no cause of action and from the judgment entered thereon plaintiff has appealed.

The respondent presented three defenses at the trial: (1) That in all the building transactions of the Pollock Lumber Company for the year commencing November 1, 1922, and the accompanying incidental transactions, the appellant was the real party in interest, acting through the lumber company, as its agent; (2) that in the particular transactions involved in this action the lumber company was appellant's agent; (3) that the appellant was the beneficial

recipient of the proceeds of the two renewal notes, in full payment of balance due on the notes in suit.

In *First National Bank* v. *Hauss* (214 App. Div. 689) the general relations between this appellant and the Pollock Lumber Company and the individual officers and representatives of that corporation, during the period comprehended by the transactions herein involved, were fully discussed and passed upon. That opinion compels us to disapprove the " general agency " defense invoked by respondent.

Nor do we find that in the instant transactions either Louis Pollock or the Pollock Lumber Company was the agent of appellant. Respondent delegated Louis Pollock to get rid of the original notes through a partial cash payment and renewal notes. Whatever were the suggestions or desires expressed by any official of appellant to Louis Pollock, the respondent finally executed and delivered to Louis Pollock his promissory notes payable at the Traders National Bank, with directions to get the cash on them and pay the original notes. For the failure of Louis Pollock to completely fulfill his trust, the appellant cannot be held responsible.

Was appellant paid from the proceeds of the renewal notes the whole or any part of any balance due on the notes in suit? Several checks on the Pollock Lumber Company, drawn on the Traders National Bank of Rochester, and dated September 7 and 8, 1923, were introduced in evidence. One of these checks (for $300) was payable to appellant; one for $631.47 was for a " payroll," and the rest were evidently freight, demurrage and in payment for lumber. These checks aggregated $2,470.25, the renewal notes aggregating $2,650.

The testimony bearing upon the identity of the recipient of the avails of these checks is meagre and unconvincing. It is particularly unsatisfactory in view of the various and somewhat complex business relations existing between appellant and its representatives and the Pollock Lumber Company and its officers, from November, 1922, down to and including the time now under discussion. On this record it is impossible to say whether, or to what extent, the original notes have been paid. On another trial it may be that a more satisfactory conclusion can be reached.

The respondent has failed to establish a defense. The verdict is contrary to the weight of the evidence. The judgment appealed from should be reversed on the facts and a new trial granted, with costs to appellant to abide the event.

Hubbs, P. J., Clark and Sears, JJ., concur; Crouch, J., dissents and votes for affirmance.

Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event.