## UNITED STATES v. McCULLOCH et al.
### Civil No. 33.

District Court, E. D. New York.

Jan. 24, 1939.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y., and Mario Pittoni, Asst. U. S. Atty., of New York City.

Edward E. Dean, of Jamaica, L. I., N. Y., for defendants.

GALSTON, District Judge.

The plaintiff moves to strike out the answer and for summary judgment pursuant to Rule 56, Rule 12, subdivisions (c), (d), (f) and (g), and Rule 5, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 56, subdivision (c), in part provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

From the complaint it appears that the action is of a civil nature arising under the National Housing Act, 12 U.S.C.A. § 1701 et seq., instituted at the request of the Federal Housing Administration and authorized and sanctioned by the Attorney General of the United States; that pursuant to the National Housing Act the Federal Housing Administrator contracted with the Morris Plan Industrial Bank to insure the latter unconditionally against losses incurred on notes thereafter purchased pursuant to this contract. The complaint continues by alleging that on March 3, 1935 the defendants, for good and valuable consideration, executed and delivered a promissory note whereby the defendants promised to pay to the order of the Morris Plan Industrial Bank the sum of $574.90 in thirty-six equal consecutive monthly instalments; that the defendants defaulted when a balance of $524.44 was still owing and that the full balance immediately became due and payable. Thereupon the insured institution, after due demand from the defendants, exercised its right to demand reimbursement from the plaintiff in accordance with the provision of the National Housing Act, and accordingly was so reimbursed by the plaintiff; that thereafter the Morris Plan Industrial Bank duly endorsed and delivered the aforesaid note to the plaintiff and that the plaintiff is now the owner and holder thereof. The plaintiff has demanded payment but no part has been paid.

Thus it appears the plaintiff's cause of action is a simple one on a promissory note. The answer admits that the defendants, on or about March 3, 1935, delivered the note to the Morris Plan Industrial Bank and sets forth three separate defenses and a counterclaim. The first defense is that the

8 .

plaintiff is not the holder in due course and that the instrument is not complete and regular on its face and that the plaintiff did not take it in good faith for value and that the plaintiff had notice of a defect in the title of the Morris Plan Industrial Bank (presumably the defendants mean title to the note). The second defense alleges that the note was made and delivered by the defendants as consideration for the purchase of an oil burner from the Marshall Oil Burner Corporation and that the burner was imperfect .and defective; the third defense is that the Home Owners' Loan Corporation, a subsidiary corporation of the United States of America, took a mortgage in the sum of $4400 upon the home of the defendants, located at 120–18 115th Avenue, South Ozone Park, Borough of Queens, in the City of New York; that the promissory note sued on was given for the purpose of installing an oil burner heating plant in the cellar of the said home; that on August 8, 1938, the aforesaid mortgage was foreclosed and the property sold and that the plaintiff is now the owner and holder of the property which includes the oil heating plant on which the note was given.

The counterclaim alleges the payment of $ (blank) dollars on account of the note and demands the return of the same. An affidavit of Mario Pittoni, an assistant United States Attorney in charge of this litigation, filed in support of the motion, shows that the action was commenced by filing a summons and complaint on October 24, 1938; that the complaint was duly served on October 28 and that the answer of the defendants was served upon the plaintiff by leaving a copy thereof with the office of the United States Attorney for the Eastern District of New York on November 14, 1938. But the original of the answer was not filed in the office of the clerk of the District Court within twenty days after the service of the summons. On December 13, 1938, a notice to file the answer within five days was served by the attorney for the plaintiff, but the answer was not filed until December 22, 1938. James J. McCulloch, one of the defendants, was examined before trial and he said the note was not complete and regular on its face because "before the note was to take effect, an oil burner was to be installed plus proper radiators to give necessary radiation to heat the premises at 120 115th Ave., South Ozone Park. Permits were to be obtained from the fire de-

partment and also a certificate from the suburban insurance department."

McCulloch stated that the reason the plaintiff did not take the note in good faith and had notice of the defect in title of the Morris Plan Bank was because "the contract on which it was based was never completed and the necessary permits issued. The burner now is a violation in the house and has been from the date it entered the house."

From the papers it appears that the Morris Plan Bank had no notice of any alleged defect until after the promissory note had been executed and the money lent by the bank.

 The difficulty with the defendants' position is that because of some real or fancied defect in the oil burner which they purchased, they desire to avoid payment of the note which they gave to a third party to enable them to buy a burner. The Morris Plan Bank was not the seller of the oil burner and made no representations in respect to the oil burner. I can see that no genuine issue as to any material fact is raised and accordingly the plaintiff is entitled to judgment as a matter of law pursuant to the provisions of Rule 56, subdivision (c).

Motion granted. Settle order on notice.