## UNITED STATES v. HANSETT.

### No. 283.

Circuit Court of Appeals, Second Circuit.

June 4, 1941.

Robert K. Story, Jr., of Brooklyn, N. Y. (Benjamin Solovay, of Brooklyn, N. Y., of counsel), for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This appeal is from a judgment entered after a trial to a judge without a jury. The action was for the unpaid balance of a note, negotiable in form, signed by the defendant and dated January 22, 1935, payable to the order of the "Pioneer Burner Company," the business name of one Finn. The note was for $1,132.53, payable in 36 monthly installments and Finn, having got

possession of it as we shall describe, endorsed and delivered it on January 23, 1935, to a corporation known as the Heating and Plumbing Corporation, which in turn endorsed it to the Federal Housing Administrator who accepted it by virtue of the powers granted him by § 1703 of Title 12, U.S.C.A. The transaction of which the note was a part was as follows. The defendant, wishing to have a heating apparatus put into her apartment, made a contract with a corporation known as the American Home Heating Co. Inc., all of whose shares were owned by the wife of one Singer. Singer was its president and managed its affairs; the company sold and installed apparatus made by the Westinghouse Company; Finn sold and installed apparatus made by the American Radiator Company. A man named Short acted as agent for Singer's company and it was through him that the contract with the defendant was made; Short also acted as agent for Finn. The defendant made and delivered the note to Short two or three days before the heater was installed; she left blank the name of the payee, the date, and perhaps other particulars which Short filled in, and then delivered the completed note to Finn. So far as appears, Singer did not object to this, though the record does not show just what authority he had given Short. Finn then discounted the note with the Heating and Plumbing Finance Corporation, as we have said, which, when it received it, knew that it had been given in payment for a heating apparatus bought by the maker. After paying several installments the defendant defaulted, alleging in excuse that the apparatus was wholly defective and that the consideration had failed. Because he had doubts as to the strict application of the Negotiable Instruments Law of New York, Consol.Laws, c. 38, to a transaction contemplated by the National Housing Act, the judge based his decision upon certain transactions between the parties which took place after the note had been discounted, and which satisfied him that the defendant had no defence, even if the Heating and Plumbing Finance Corporation was chargeable with the failure of Singer's company to perform its contract.

We do not find it necessary to decide that question, because we hold that the Heating and Plumbing Finance Corporation, as a holder in due course, was not charged with any failure of Singer's company to perform its contract with the defendant. Whether or not she had authorized Short to fill in the blanks, it was valid in the hands of any holder to whom he delivered it after filling them in. Negotiable Instruments Law, § 33. National Exchange Bank v. Lester, 194 N.Y. 461, 87 N.E. 779, 21 L.R.A.,N.S., 402, 16 Ann.Cas. 770. Moreover, the fact that the endorsee, the Heating and Plumbing Finance Corporation, knew that the note had been given in payment for heating apparatus installed, or to be installed, and that the seller might later default in its stipulated performance was immaterial. Negotiable Instruments Law, § 96. Tradesmen's National Bank v. Curtis, 167 N.Y. 194, 60 N.E. 429, 52 L.R.A. 430; Credit Alliance Corp. v. Buffalo Linen Supply Co., 238 App.Div. 18, 263 N.Y.S. 39. In Title Guarantee & Trust Co. v. Pam, 232 N.Y. 441, 134 N.E. 525, the holder knew when it discounted the note that the maker had possible set-offs, already existing; in Pellegrino v. First National Bank of Newark, 210 App. Div. 584, 206 N.Y.S. 716, the holder knew that the maker was authorized to pay it by turning back the mortgage. Neither of these decisions is relevant here.

We do not share the doubts of the judge as to the applicability of the ordinary law merchant to transactions financed under the National Housing Act; on the contrary it will promote its purposes to make fluid in the usual way all commercial paper issued by those for whose benefit it was enacted. The fact that in a given instance this may work hardship (we do not suggest that it did here) is not a counterpoise to the added currency which will be so given to such paper, and the added credit to its makers.

The defendant's objection that she was unfairly pressed on for trial is so wholly unwarranted that it neither demands nor justifies discussion.

Judgment affirmed.