## UNITED STATES v. WARSHAW et al.

### Civ. No. 3301.

District Court, E. D. New York.

June 20, 1945.

Miles F. McDonald, U. S. Atty., of Brooklyn, N. Y., and Eli Resnikoff, Sp. Asst. to U. S. Atty., of New York City, for plaintiff.

George Green, of New York City, for defendant.

GALSTON, District Judge.

This is a motion for summary judgment pursuant to Rule 56 of the Federal Rules

of Civil Procedure, 28 U.S.C.A. following section 72.3c. The action arises under the National Housing Act.

The complaint alleges that the defendants on or about September 1, 1936, executed and delivered a promissory note in the sum of $551.90 to the order of B. F. Gilbert Co., Inc.; that the instrument was thereafter, through mesne assignment, assigned to the Morris Plan Industrial Bank of New York; that the defendants defaulted when a balance of $314.79 was due and owing. Thereafter, pursuant to the provisions of the National Housing Act, the Morris Plan Industrial Bank of New York was reimbursed by the plaintiff, which is now the owner and holder of the note and seeks judgment against the defendants for the sum of $314.79.

The answer is a general denial, which also sets up two separate defenses: First, that the plaintiff is not a holder in due course; and secondly, that the plaintiff is barred by the statute of limitations.

Plaintiff's motion is supported by an affidavit of a Special Assistant United States Attorney for the Eastern District of New York. From the affidavit it appears that the note was delivered by the defendants to the Gilbert Company in connection with the application of the defendants for a loan, the proceeds of which were to be used for the purchase and installation of an oil burner and other heating equipment in defendants' premises in Brooklyn. The transaction was in accordance with the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq. A photostatic copy of the note and of the credit statement are annexed and made part of the affidavit. At the time of the execution of the note, the proceeds were paid by the Morris Plan Bank, after obtaining from the defendants a certificate of installation dated July 18, 1936, a photostatic copy of which is also annexed to the affidavits. Thereafter the defendants, on January 1, 1938, defaulted in their obligation under the note, and it thereupon matured according to its terms.

On July 12, 1938, the Bank was reimbursed by the United States of America under the contract of insurance customary in such cases, and the note was assigned to the United States of America. The complaint was filed on June 9, 1943.

The opposing affidavit of Sadie Warshaw recites that there were many complaints made to the contractors and to the Bank about the defective condition of the oil burner by her husband, and that the Bank was not a holder in due course, and that on June 9, 1943, when the complaint was filed, seven years had elapsed before the commencement of the action by the plaintiff. It moreover appears that Sadie Warshaw is now a widow. When her husband died is not set forth in the affidavit.

The first affirmative defense, that the Bank was not a holder in due course, is not tenable under the provisions of Sec. 96 of the Negotiable Instruments Law of the State of New York, Consol.Laws, c. 38. See also United States v. Hansett, 2 Cir., 120 F.2d 121; and United States v. McCulloch, D.C., 26 F.Supp. 7.

As to the second defense, that the plaintiff must be defeated by the statute of limitations, that likewise is not good against the United States. A statute of limitations will run against the Government only when it assents upon conditions prescribed. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350. Nor is the United States bound by a statute of limitations unless the Congress so provides. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

Plaintiff's motion is granted as against Sadie Warshaw. Where an instrument containing the words "I promise to pay" is signed by two or more persons, they are deemed to be jointly or severally liable thereon. New York State Negotiable Instruments Law, Sec. 36, subdivision 7. Apparently the action has abated as against Joseph Warshaw.