UNITED STATES of America, Plaintiff,

v.

Lester J. BROWNLEE and Harriet Brownlee, Defendants.

Civ. A. 17314.

United States District Court
E. D. New York.

Dec. 8, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., for the E. D. New York, Brooklyn, N. Y., by Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Stephen J. Ohalek, New York City, for defendants.

BYERS, Chief Judge.

This is a plaintiff's motion for summary judgment and dismissal of the defendants' counterclaim.

The complaint was filed February 18, 1957 and has to do with a Federal Housing transaction involving an installment promissory note for $2,874.50, dated August 24, 1953, payable to the order of Miracle Home Improvement Company.

That note is now owned by the plaintiff as the result of a series of transactions accomplished under the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq.

The basis of the motion is that there are no material issues of fact to be tried.

It sufficiently appears from the pleadings and affidavits now before the court that the various occurrences may be thus tabulated:

**1953**

July 31 — Date of contract with Miracle Improvement Co. for repairs and partial reconstruction of a private residence owned by the defendants, the contract price being some $2,800.

Aug. 3 — The defendants made a Federal Housing Administration, Title I, Credit Application to the General Investment Corporation, of Newark, New Jersey, for $2,500.

Aug. 24 — The defendants signed a Completion Certificate addressed to General Investment Corporation, which in terms referred to the foregoing Credit Application. Among the provisions of that Certificate are the following:

"We hereby certify that all articles and materials have been furnished and installed and the work satisfactorily completed on premises indicated in our Credit Application."

"Notice to Borrower. — Dealer will present this Certificate to you for signature After the work or the materials have been satisfactorily completed or delivered. Do Not Sign this Certificate until you are satisfied that the dealer has carried out his obligation to you. The selection of a dealer, the acceptance of materials used, and work performed is Your responsibility. Neither the FHA nor the financial institution guarantee the material or workmanship or inspect the work performed."

Opposite the legend "Borrower Sign Here" appears the signature "Harriet Brownlee" and under that "Read Before Signing" and "Date 8/24/53."

Aug. 24 — Promissory note signed by Lester J. Brownlee and Harriet Brownlee, the defendants above named, in the sum of $2,874.50, payable to the order of Miracle Home Improvement Co., in thirty-six equal monthly installments of $79.85, the first of which was payable October 8, 1953. The note contained an acceleration clause.

The foregoing note was endorsed without recourse, and was acquired by General Investment Corporation on August 24, 1953.

Aug. 31 — The note was acquired from the latter by First Pennsylvania Bank and Trust Company of Philadelphia.

1953
Oct. 5

Letter written by William A. McGovern, an attorney for these defendants, to the General Investment Corporation, Newark, New Jersey, reading as follows:

"Re: Your a/c No. 10939.

"This is to advise you that I have written your assignor, Miracle Home Improvement Company, that because of the fact that the latter allegedly has not performed the terms of its contract with Mr. and Mrs. Lester J. Brownlee of 288 Nelson Avenue, Great Kills, and because of damage suffered by the Brownlees due to the negligence of Miracle, I have advised my clients, Mr. and Mrs. Brownlee to refuse to make any payments to Miracle or its assignees until Miracle performs its contract.

"It will be to your interest to see that your assignor properly performs the contract according to its terms. Should Miracle not do so within a reasonable length of time, I shall instruct my client to engage mechanics to properly perform the work and to counterclaim against Miracle or its assignee for the same."

1954
Feb. 26

The note was acquired by the plaintiff, pursuant to applicable provisions of the National Housing Act.

——◆——

The affidavit in opposition to the motion alleges that the employees of Miracle started to perform the contract in question and that they put in one day's work and left, with the result that not only was the job not finished, but actual damage was done to the premises by reason of portions thereof being exposed to the weather.

Further that General Investment Corporation made a demand under date of November 10, 1953 for the payment of the first installment note, and that thereafter collection was undertaken on behalf of that corporation.

Why these demands should have been made by General after its endorsement of the note to the Philadelphia Bank need not be now discussed.

The upshot of the situation as disclosed, is this:

(a) The Government is assumed to have paid to the First Pennsylvania Bank and Trust Company of Philadelphia the amount which it advanced to General Investment Corporation upon the negotiation of the note, and to that extent the Government is out of pocket.

(b) The defendants are confronted with an assertion of indebtedness in the sum stated ($2,874.50) for work which was never done.

The position of the Government in thus seeking to collect the debt is that it is not concerned with any question touching the underlying merits of the defendants' position. That argument is clearly justified by the case of United States v. Hansett, 120 F.2d 121.

It did not appear in that case, nor in the others upon which the Government relies in its very clear and convincing brief, that the element of notice was present to an intermediate holder of the note prior to the due date of the first installment, that there was almost a complete lack of performance of the original contract involved.

It appears therefore that although the defendant Harriet Brownlee had signed the Completion Certificate which she was warned against doing unless the work

had indeed been completed, she none the less took steps before the first installment of the note was due, to retract that certification.

The position of the defendants is an appealing one as it is presented for them in their attorney's affidavit. Probably they could state it no more persuasively had they submitted sworn statements over their own signatures.

Of course their true grievance is against Miracle Improvement Co., the contractor, the name of which may suggest its proposed method of operation.

That circumstance does not impair the inexorable operation of the law merchant, (to quote from Hansett, supra) in favor of the plaintiff standing in the position of the Philadelphia Bank. Among other cases there may be cited: United States v. O'Hara, D.C., 46 F.Supp. 780; United States v. Warshaw, D.C., 61 F.Supp. 678; Prudential Savings Bank v. Tomassone, 7 Misc.2d 444, 164 N.Y.S.2d 620.

While it could be wished that General Investment as the discounting institution for Miracle, had seen fit to assume a moral responsibility to thwart the machinations of the latter, before the due date of the first installment payment, no theory of legal responsibility to these defendants appears to be involved. This means that there seems to be no basis upon which it could be impleaded as a third-party defendant.

The court is confronted with the duty of decision based upon the situation presented by the action of the defendants in putting into circulation their promissory note after having signed a completion certificate which they now assert to have been false, as they then knew.

Judgment must go against them at the behest of the plaintiff who succeeds to the rights of a holder in due course, there being no issue of fact to be tried under the pleadings, including the separate defense and counterclaim.

Motion granted. Settle order.