Charles A. Loreto, J.
Motion to dismiss the complaint. Defendant claims that the four causes of action are insufficient in law. Its argument is based on the claim that the instrument involved is a negotiable promissory note and as presentment and demand for payment have not been made, no right to convert into stock has accrued under the terms of the instrument in favor of the plaintiffs.
The court disagrees with this contention. Although the instrument in its first paragraph bears all the indicia of a negotiable promissory note (Negotiable Instruments Law, § 20) it is stripped of an essential element requisite of a negotiable instrument by the second paragraph which reads, “ This note and the indebtedness hereby are and shall continue to be subordinate and subject in right of payment to the prior payment in full of any and all indebtedness of the maker hereof to the Bankers Trust Company * * * and the National Boulevard Bank * * * whether now existing or hereafter
existing.” By reason of this paragraph the obligation to pay can be diminished or extinguished and the requirements of section 20 of the Negotiable Instruments Law, that a negotiable instrument contain an unconditional promise to pay does not exist. National Bank of Watervliet v. Martin (203 App. Div. 390, affd. 235 N. Y. 611) cited by defendant is not in point. The instrument in that case is not conditional for it expressly obligates the maker to pay the minimum sum of $250 of the principal on the due date or any renewal thereof, if exercised by the maker.
The court therefore concludes that the writing upon which this suit is brought is not a negotiable instrument but a contract with various provisions, including one relating to the right to convert the principal into stock of the defendant corporation. *987 Absent any prohibition against assignment, the agreement is assignable in whole or in part (Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N. Y. 313), including the right to convert into stock. The reference to the words “ holder hereof ” in the instrument does not prevent an assignment. Considered in its entirety, the court interprets the words “ holder hereof ” to denote the owner or owners thereof.
The motion is denied.