**UNITED STATES of America,**
**Plaintiff,**

v.

**Henry BELCHER and Martha Belcher,**
**Defendants.**

**No. 1021.**

United States District Court
E. D. Kentucky.
London.

Feb. 23, 1961.

Jean L. Auxier, U. S. Atty., Lexington, Ky., Caywood Metcalf, Asst. U. S. Atty., Lancaster, Ky., for plaintiff.

J. K. Bealey, Harlan, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

This case is submitted for judgment upon the facts without the intervention of a jury, pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C. A., which provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * * *".

Findings of Fact

The facts set out in the stipulation entered into by counsel for the parties and filed herein on July 8, 1960, are accepted as the facts of the case.

The stipulation is as follows:

"1. That on or about October 22, 1956, defendants, Henry Belcher and Martha Belcher, made application to the Royal Bank, Louisville, Kentucky, for a property improvement loan; the property to be improved was the defendants' house at Wallins, Harlan County, Kentucky; the proceeds of the loan was to be, and after being made, was used to install a new furnace in said defendants' home; the proceeds of the loan in the amount of $800.00 was paid to the Holland Furnace Company, Middlesboro, Kentucky, for the furnace and installation of same. (Copy attached hereto as Exhibit 1).

"2. The finance charges by the Royal Bank, Louisville, Kentucky, were in the amount of $119.84 which made the defendants owe said Royal Bank $919.84, as evidenced by defendants' promissory note made payable to the Royal Bank. (Copy attached hereto as Exhibit 2).

"3. The $919.84 loan to defendants was to be repaid to Royal Bank by 36 monthly installments in the amount of $25.56 per month. (Copy of letter attached hereto as Exhibit 3).

"4. The loan of $919.84 by Royal Bank, Louisville, Kentucky, to Henry Belcher and Martha Belcher was insured by Title I of the Federal Housing Act, an organization under the National Housing Act. (See Exhibit 1).

"5. The furnace and all articles and materials were installed in de-

fendants' home and the work was satisfactorily completed on November 17, 1956, as evidenced by defendants' signature. (Copy of completion certificate attached hereto as Exhibit 4).

"6. The Holland Furnace Company guaranteed the furnace and their workmanship one year from November 17, 1956.

"7. That on or about the——day of October, 1957, the furnace became faulty and would no longer adequately heat defendants' home.

"8. That on or about January 22, 1959, a Branch Manager for the Holland Furnace Company called upon the defendants and offered to give them a new blower and replace the fire pot for defendants' furnace. (Copy of letter is attached hereto as Exhibit 5).

"9. Defendants made regular monthly payments on the furnace to the Royal Bank; said payments being in the amount of $25.56 each, the first payment having been received on December 24, 1956 and the last payment was received by said bank on September 3, 1958.

"10. That on April 20, 1959, all right, title and interest in note to Royal Bank from defendants was assigned to the United States of America for and in consideration of the sum of $387.05.

"11. There is now due on the note signed by Henry Belcher and Martha Belcher, and now owned by the United States of America, the sum of $387.05, plus interest in the amount of $28.77 to November 16, 1959, and interest continues to accrue at the rate of 6% per annum from November 16, 1959, until paid."

Exhibit 1 filed with and as a part of the stipulation is a copy of the "Credit Application for Property Improvement Loan" under the terms of Title 1 of the National Housing Act, referred to in paragraph 1 of the stipulation. This document contains the following clearly printed statement bearing the signature of the defendants:

"Important—Applicant Read
Before Signing

"The selection of a contractor or dealer, acceptance of materials used, and the work performed is Your responsibility. Neither the FHA nor the financial institution guarantees the material or workmanship or inspects the work performed."

Exhibit 4 filed with and as part of the stipulation is a copy of Completion Certificate for property improvement loan under F.H.A. Title 1 referred to in paragraph 5 of the stipulation. This document bearing the signature of the defendants contains the following statement:

"I (we) understand that the selection of the dealer and the acceptance of the materials used and the work performed is my (our) responsibility and that neither the FHA nor the financial institution guarantees the material or workmanship or inspects the work performed."

Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action. 28 U.S.C.A. § 1345.

2. The plaintiff is the owner and holder of the note described in the complaint as assignee of the Royal Bank of Louisville which made the loan to the defendants upon the terms set out in the stipulation. The loan constituted the consideration for the note.

3. The provisions of Exhibits 1 and 4 of the stipulation above set out effectively refute and render untenable the contentions of the defendants set up by their counterclaim by making it quite clear that neither the plaintiff nor its assignor participated in or was a party to or in any way responsible under the warranty agreement between the defendants and their contractor Holland Furnace Company. United States v. McCulloch, D.C., 26 F.Supp. 7, 8.

4.   The plaintiff is entitled to judgment against the defendants for the balance of $387.05 remaining due on the note set out in the complaint with interest and costs.