RIVERSIDE BANK, Respondent, *v.* WOODHAVEN JUNCTION LAND COMPANY, Appellant, Impleaded with HERBERT F. ANDREWS.

*Banking — the title of a bank to a check deposited — it is not subject to equities between the drawer and the depositor — when a check becomes due — effect of charging a protested check back to the account of the depositor.*

Where a customer of a bank deposits in his general deposit account a check drawn to his order and indorsed by him, and immediately thereafter draws a check upon such account and withdraws therefrom the amount of such deposit, the bank becomes vested with a title to the check so deposited, which is not subject to equities existing in favor of the drawer of the check as against the customer, such, for example, as that the check was given without consideration or for a consideration which failed, namely, in exchange for another check

transferred by the customer to the drawer upon a representation made by the customer that it was good, the check being, in fact, worthless.

The check so deposited is taken by the bank before maturity, as a check is not, strictly speaking, due until payment thereof is demanded within a reasonable time.

The bank's right to recover the amount of the check from the drawer is not affected by the fact that, by a bookkeeper's entry, made subsequent to the protest of the check, the bank charged the amount of the check back to the account of the depositor.

APPEAL by the defendant, the Woodhaven Junction Land Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of February, 1898, upon the verdict of a jury rendered by direction of the court.

*Louis C. Whiton,* for the appellant.

*Lyman L. Settel,* for the respondent.

PATTERSON, J.:

This is an appeal by the defendant land company from a judgment entered upon a verdict directed by the court on the trial of this action. A single question of law is involved. The material facts established on the trial are the following: One Andrews was a depositor in the Riverside Bank. On the 25th day of May, 1897, he deposited with that bank a check for the sum of $450, drawn by the treasurer of the Woodhaven Junction Land Company to his, Andrews', order. The check was indorsed by Andrews and deposited without any limitation; or, in other words, it became part of Andrews' general deposit account. On the day of that deposit, and before it was actually made, Andrews had a balance of $85 standing to his credit with the plaintiff. Immediately after the $450 check was deposited, Andrews presented his own check for $500 drawn upon the plaintiff, and on it procured that amount to be paid to him by the paying teller of the bank. The $450 check was drawn on the Bank of Jamaica. On the same day the plaintiff sent the check to the Queens County Bank, through which it made its Long Island collections. It was presented at the Jamaica Bank on the 26th day of May, 1897, and was returned protested, payment having been stopped. Some time subsequently, the plaintiff charged back to Andrews the amount of the dishonored check. Shortly

afterwards this action was begun against the land company and Andrews to recover its amount. The defendant land company admits the making of its check and its delivery to Andrews, but sets up that the same was given without consideration or for a consideration that failed, namely, that it was given to Andrews in exchange for a certain other check of one Walter Fox and upon a representation made by Andrews that the Fox check was good, but it avers that said check was in fact worthless. The land company, therefore, has set up as against the title of the plaintiff and its right to recover, certain equities existing between it and Andrews which would render the check unenforcible in the hands of Andrews, and the claim is made that it is also non-enforcible by the plaintiff.

It is the settled law of this State that, as to a general deposit account of a dealer with a bank, the relation existing between the depositor and the bank is simply that of creditor and debtor. (*First Natl. Bank of Lyons* v. *Ocean Natl. Bank*, 60 N. Y. 278; *Ætna Natl. Bank* v. *Fourth Natl. Bank*, 46 id. 82.) The title to money, checks or drafts deposited by a customer passes to the bank. The relation of a bank to negotiable drafts or checks under such circumstances is very plainly stated in *Cragie* v. *Hadley* (99 N. Y. 133), and it is that, upon a deposit being made by a customer in a bank, in the ordinary course of business, of money, or drafts or checks received or credited as money, the title to the money, drafts or checks is immediately vested in and becomes the property of the bank, and it is stated that that proposition is not open to question. As the court in that case says: " The transaction, in legal effect, is a transfer of the money, or drafts or checks, as the case may be, by the customer to the bank, upon an implied contract on the part of the latter to repay the amount of the deposit upon the checks of the depositor. The bank acquires title to the money, drafts or checks on an implied agreement to pay an equivalent consideration when called upon by the depositor in the usual course of business." The question, therefore, before the court was, whether the defendant land company could show equities to defeat the plaintiff's title. The check was a negotiable instrument; the party primarily liable upon it was the land com-

pany. The plaintiff was entitled to rely upon the presumption that it had been issued for a valuable consideration. (Laws of 1897, chap. 612, § 50.) The plaintiff was a holder for value; it had taken a negotiable check of the land company, complete and regular upon its face and in the usual course of business, and gave value for it, namely: At the time the deposit was made, it paid to Andrews his check of $500, $415 of which must necessarily have been paid from the credit given on the deposit of the $450 check. It was taken before maturity, for a check is not, strictly speaking, due until payment thereof is demanded within a reasonable time. (*Cruger* v. *Armstrong*, 3 Johns. Cas. 9; Story Prom. Notes [7th ed.], 686.) It was taken in good faith, and it is not claimed that, at the time it was negotiated, the plaintiff had notice of any equity existing in favor of the drawer, or of any infirmity in the check, or defect of title or right in the person negotiating it.

The proof establishing all these considerations being in the case, the defendant land company was not in a position to resist the plaintiff's claim. It is entirely immaterial that, by a bookkeeping entry, the plaintiff subsequently charged the amount of the check back to Andrews. Its cause of action arising on the check was against both the drawer and the indorser, and the claim against the drawer was not surrendered, nor was it released because of the entry referred to.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.