RIVERSIDE BANK v. WOODHAVEN JUNCTION LAND CO. et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. BANKS—DEPOSITS—CHECKS—HOLDER FOR VALUE.
    Where a bank receives for deposit in the usual course of its business a negotiable check, regular on its face, without notice of equities in favor of the drawer as against the depositor, the title passes to the bank, and it is a holder for value, against whom the drawer can set up no equities which he may have as against the payee.

2. SAME—PRESUMPTIONS.
    Under Laws 1897, c. 612, § 50, raising a presumption that every person whose signature appears on a negotiable instrument is a party for value, a bank can presume that a check deposited with it has been issued for a valuable consideration.

3. SAME.
    That a bank which had received a check for deposit regular on its face, without notice of any equities, had, by a bookkeeping entry, charged the

amount of the check back to the depositor, where default had been made in its payment, does not release the drawer from his liability thereon to the bank.

Appeal from trial term.

Action by the Riverside Bank against the Woodhaven Junction Land Company and others to recover on a check the payment of which the land company had stopped. From a judgment in favor of plaintiff, defendant land company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis C. Whiton, for appellant.
Lyman L. Settel, for respondent.

PATTERSON, J. This is an appeal by the defendant land company from a judgment entered upon a verdict directed by the court on the trial of this action. A single question of law is involved. The material facts established on the trial are the following: One Andrews was a depositor in the Riverside Bank. On the 25th day of May, 1897, he deposited with that bank a check for the sum of $450, drawn by the treasurer of the Woodhaven Junction Land Company to his (Andrews') order. The check was indorsed by Andrews, and deposited without any limitation; or, in other words, it became part of Andrews' general deposit account. On the day of that deposit, and before it was actually made, Andrews had a balance of $85 standing to his credit with the plaintiff. Immediately after the $450 check was deposited, Andrews presented his own check for $500 drawn upon the plaintiff, and on it procured that amount to be paid to him by the paying teller of the bank. The $450 check was drawn on the Bank of Jamaica. On the same day, the plaintiff sent the check to the Queens County Bank, through which it made its Long Island collections. It was presented at the Jamaica Bank on the 26th day of May, 1897, and was returned protested, payment having been stopped. Some time subsequently, the plaintiff charged back to Andrews the amount of the dishonored check. Shortly afterwards this action was begun against the land company and Andrews to recover its amount. The defendant land company admits the making of its check and its delivery to Andrews, but sets up that the same was given without consideration, or for a consideration that failed, namely, that it was given to Andrews in exchange for a certain other check of one Walter Fox, and upon a representation made by Andrews that the Fox check was good, but it avers that said check was in fact worthless. The land company therefore has set up, as against the title of the plaintiff and its right to recover, certain equities existing between it and Andrews, which would render the check unenforceable in the hands of Andrews, and the claim is made that it is also nonenforceable by the plaintiff.

It is the settled law of this state that, as to a general deposit account of a dealer with a bank, the relation existing between the depositor and the bank is simply that of creditor and debtor. First

Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278; Ætna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 82.

The title to money, checks, or drafts deposited by a customer passes to the bank. The relation of a bank to negotiable drafts or checks under such circumstances is very plainly stated in Craigie v. Hadley, 99 N. Y. 133, and it is that, upon a deposit being made by a customer in a bank in the ordinary course of business of money or drafts or checks received or credited as money, the title to the money, drafts, or checks is immediately vested in and becomes the property of the bank; and it is stated that that proposition is not open to question. As the court in that case says:

"The transaction, in legal effect, is a transfer of the money or drafts or checks, as the case may be, by the customer to the bank, upon an implied contract on the part of the latter to repay the amount of the deposit upon the checks of the depositor. The bank acquires title to the money, drafts, or checks on an implied agreement to pay the equivalent consideration when called upon by the depositor in the usual course of business."

The question, therefore, before the court, was whether the defendant land company could show equities to defeat the plaintiff's title. The check was a negotiable instrument. The party primarily liable upon it was the land company. The plaintiff was entitled to rely upon the presumption that it had been issued for a valuable consideration. Laws 1897, c. 612, § 50. The plaintiff was a holder for value. It had taken a negotiable check of the land company, complete and regular upon its face, and in the usual course of business, and gave value for it; namely, at the time the deposit was made, it paid to Andrews his check of $500, $415 of which must necessarily have been paid from the credit given on the deposit of the $450 check. It was taken before maturity, for a check is not, strictly speaking, due until it is demanded within a reasonable time. Cruger v. Armstrong, 3 Johns. Cas. 9; Story, Prom. Notes (7th Ed.) 686. It was taken in good faith, and it is not claimed that, at the time it was negotiated, the plaintiff had notice of any equity existing in favor of the drawer, or of any infirmity in the check, or defect of title or right in the person negotiating it. The proof establishing all these considerations being in the case, the defendant land company was not in a position to resist the plaintiff's claim. It is entirely immaterial that, by a bookkeeping entry, the plaintiff subsequently charged the amount of the check back to Andrews. Its cause of action arising on the check was against both the drawer and the indorser, and the claim against the drawer was not surrendered, nor was it released because of the entry referred to.

The judgment appealed from should be affirmed, with costs. All concur.