## MARY SPRIGGINS v. HENRY SPRIGGINS et al.

Eastern Section.    December 19, 1931.

Petition for Certiorari denied by Supreme Court, July 23, 1932.

W. R. Henderson, of Knoxville, for appellant.
J. N. Moore, of Knoxville, for appellee.

THOMPSON, J. The complainant, Mary Spriggins, filed this suit against her husband, Henry Spriggins, and against J. J. Connor and W. F. Long. She alleged that her husband and the two other defendants had perpetrated a fraud on her in the sale by complainant and her husband to Connor and Long of a house and lot which she and her husband owned as tenants by the entirety—the fraud being that it was represented to her that Connor and Long were paving $550, for the house and lot, whereas they only paid $50, cash, and gave to her and her husband only two notes for $100, each (a total consideration of only $250) and failed to reserve to her and her husband a lien in the deed to secure the notes as they had agreed to do, etc.

The main object of the bill was to either rescind the transaction or to have a recovery of a sum sufficiently large that complainant would receive in all a total of one-half of $550. But complainant also alleged in her bill that her husband had turned over to her the two $100 notes, and prayed in the alternative for a recovery in her favor for the full amount of principal, interest and attorney's fees on said two notes and that said recovery be declared a lien on said house and lot and that the same be sold if said recovery be not paid, etc.

Pro confesso was taken against the husband, Henry Spriggins, but Connor and Long resisted the suit.

On the final hearing the Chancellor held against complainant as to fraud and rescission and as to her right to recover one-half of $550, etc. But the Chancellor held that the husband, Henry Spriggins, upon the execution and delivery of said notes turned the same over to complainant and thereby made an assignment of his interest therein to complainant who thereupon became and has since been the sole owner thereof. He then awarded complainant a recovery of the full amount of the principal, interest and attorney's fees on said two notes, declared the recovery to be a lien on the house and lot and ordered a sale of said house and lot unless said recovery be paid within thirty days, etc.

The defendants, Connor and Long, have appealed to this court and have assigned error making the question that there was no assignment of Henry's interest in the notes to complainant which was binding on them, that they (or rather Connor) had paid to Henry a total of $86, on the notes, and that the recovery should have been limited to $114, of principal, plus interest and attorney's fees and the costs of the cause.

The undisputed proof shows that Connor and Long, or rather Connor, did pay to Henry Spriggins a total of $86 on the notes and that they took his receipts therefor.

The sale took place on September 7, 1929, and complainant, her husband and Connor on said date went together to the office of Mr. Frank A. McSpadden on the second floor of a building on Market Street near the Post Office in Knoxville where complainant and her husband executed the deed and received (in addition to $25) the two $100 notes signed by Connor and Long, due six months after date and payable to complainant and her husband.

It is true that complainant's husband did not endorse the notes or either of them, but complainant testified that as soon as her husband received the notes he handed and gave them to her in the presence of the defendants, that he told her in their presence that he wanted her to have them and all the money from them, and that he told defendants to pay them to her. Mr. Connor, who made the payments to complainant's husband, admitted that when he made said payments he knew that complainant had the notes, and that he made most of said payments after this suit had been instituted.

So, we think the Chancellor's decree was correct and the same will be affirmed, with costs.

Portrum and Snodgrass, JJ., concur.