**UNITED STATES COLD STORAGE CORPORATION, Appellant,**

v.

**FIRST NATIONAL BANK OF FORT WORTH et al., Appellee.**

No. 16256.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 20, 1961.

Rehearing Denied Nov. 17, 1961.

Bowyer, Thomas, Crozier & Harris, and H. T. Bowyer, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Sloan B. Blair, Fort Worth, for appellee The First National Bank of Fort Worth.

Harry N. Ward, Fort Worth, for appellee North Fort Worth State Bank.

BOYD, Justice.

United States Cold Storage Corporation sued Rosenthal Packing Company, First

National Bank of Fort Worth, hereinafter called National Bank, and North Fort Worth State Bank, hereinafter called State Bank. Judgment was rendered for the plaintiff against Rosenthal, but summary judgment was rendered for both banks. The plaintiff appeals from the summary judgment.

On May 11, 1960, appellant issued its check, drawn on National Bank, payable to Rosenthal in the amount of $30,000. The check, which represented a loan, was issued on Rosenthal's assurance that it would on that day or the day following store in appellant's plant, as collateral, meat products of market value greatly in excess of the amount of the check. Rosenthal stored no products in appellant's plant.

On the day the check was issued Rosenthal deposited it in State Bank, the check bearing the indorsement "for deposit only". Steddum, State Bank's executive vice president, testified by deposition that he sent the check with other items by messenger to National Bank late in the afternoon of May 11th. On the morning of May 12th, appellant, having learned that State Bank was refusing payment on Rosenthal's checks, some of which were payable to appellant, orally instructed National Bank to stop payment on the $30,000 check which it had issued to Rosenthal. National Bank did not stop payment, but paid the check on May 13th and charged it to appellant's account.

Appellant alleged that Rosenthal was insolvent; that it ordered payment stopped before the check had been presented to National Bank for payment, and that National Bank agreed to stop payment; that National Bank waived the statutory provisions regarding stop payment instructions; that State Bank was not a holder in due course, since it took the check for collection only and for deposit, and also acted in bad faith, knowing that Rosenthal was overdrawn on its books, and was insolvent, and said bank had on May 11th refused payment on Rosenthal's checks, and was chargeable with knowledge that Rosenthal was not entitled to the proceeds of the check. Appellant asked for judgment against National Bank, and, in the alternative, against State Bank, and, in the further alternative, against Rosenthal.

By points of error appellant contends that there was an issue of fact as to whether National Bank was negligent in paying the check; an issue as to whether State Bank was holder of the check in due course; that National Bank waived the provisions of the Statutes concerning stop payment instructions; and that neither bank should have judgment because the check was restrictively indorsed and placed in State Bank for collection only.

When Rosenthal deposited the check in State Bank its account was overdrawn in excess of $90,000, and the bank credited the overdraft with the amount of the check. We may assume that had the check been returned by National Bank it would have been charged back to Rosenthal's overdraft.

■ We have reached the conclusion that the judgment should be affirmed. Even though National Bank should have stopped payment if it agreed to do so, we are unable to see how appellant has been injured by National Bank's action in paying the check if State Bank was a holder in due course. Brady on Bank Checks, 2nd Ed., p. 363. Had the check not been paid by National Bank, State Bank would have had a claim for $30,000 against appellant, who issued the check and put it into the stream of commerce. It is true that State Bank would in that event also have had a cause of action against Rosenthal, the insolvent indorser of the check. Appellant had a cause of action against Rosenthal, which now has been reduced to judgment. If appellant collects from Rosenthal, it is not injured, regardless of the check's having been paid by National Bank, because appellant's liability to State Bank was thereby extinguished. We think it would have been immaterial if State Bank, by a bookkeeping entry, had charged the check back to Rosen-

that had it been returned unpaid. State Bank's cause of action arising on the check was against both appellant as maker and Rosenthal as indorser, and the claim against appellant would not have been surrendered or released by the making of such an entry on the bank's books. Riverside Bank v. Woodhaven Junction Land Co., 34 App.Div. 359, 54 N.Y.S. 266.

■ As to whether State Bank was a holder in due course, we look to the negotiable instruments law and to the adjudicated cases.

Article 5935, sec. 52, Vernon's Ann.Tex. St., provides:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Article 5933, sec. 25, provides that:
"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

"It has generally been held or stated that the bank's application of the proceeds of a deposited item to the depositor's antecedent debt owed to the bank is a giving of value for the instrument and constitutes the bank a holder in due course." 59 A.L.R.2d 1194; and on the next page the text says: "The general rule, supra, has been applied

to a previously overdrawn account." And on page 1187 the same text says that this is so notwithstanding the fact that it was received by the bank for collection, and notwithstanding the fact that the instrument is indorsed "for deposit only." See, also, Lowrance Motor Company v. First National Bank of Auburn, 5 Cir., 238 F.2d 625, 59 A.L.R.2d 1164; Holt v. First State Bank of Miami, Tex.Civ.App., 74 S.W.2d 1050; City State Bank in Wellington v. Lummus, Tex.Civ.App., 277 S.W.2d 262; Taylor & Co. v. Nehi Bottling Co., Tex. Civ.App., 30 S.W.2d 494; Burnett's Trust v. Farmers State Bank in Mexia, Tex.Civ. App., 175 S.W.2d 453.

We think State Bank was a holder in due course unless there was an issue as to its bad faith.

Of course, State Bank knew that Rosenthal had a large overdraft, and the bank had on May 11th refused payment, on account of insufficient funds, of several of Rosenthal's checks, including some payable to appellant. Appellant argues that State Bank knew or should have known that Rosenthal got the $30,000 check without any consideration moving from Rosenthal to appellant; but just how the bank knew or should have known that, appellant does not make clear. Neither is it clear that, if it knew that appellant had issued the check without consideration, the bank was obligated to exercise any kind of guardianship over appellant to protect it from its own mistakes. Appellant did not then consider its action a mistake, and was willing to make the loan on Rosenthal's assurance that collateral would be deposited on that or the next day; and it does not appear how the bank, which took the check from a concern with which appellant was willing to do business, was called upon to veto a transaction which was regular on its face.

We believe the summary judgment was proper, and it is affirmed.