**Harvey BRASWELL d/b/a Harvey's Surplus & Salvage, Appellant,**

v.

**FIRST STATE BANK OF AMARILLO,**
Texas, Appellee.

No. 7259.

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1963.

Rehearing Denied May 6, 1963.

Clayton, Martin & Harris, Amarillo, for appellant.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellee.

NORTHCUTT, Justice.

On March 30, 1962, Harvey Braswell d/b/a Harvey's Surplus & Salvage issued and delivered his check to one B. J. Coode in the sum of $570. The check was drawn upon his account with the North State Bank of Amarillo, Amarillo, Texas, and made payable to the order of B. J. Coode. On April 18, 1962, the check was endorsed by B. J. Coode as follows: "Pay to the order of First State Bank, Amarillo, Texas." On the same day, Coode's account was credited by the First State Bank for the full amount of the check. Before the check was received for payment by the North State Bank, Braswell stopped payment upon the check. On April 18, 1962, at the time the check was deposited, Coode had a balance of 47 cents (47¢) and on the same day, after crediting Coode's account with the $570, Coode withdrew $400 and then on April 20, 1962, withdrew $150, leaving credit to Coode's account in the sum of $20.47. It is agreed that the First State Bank processed the check through the normal banking clearing house routine forwarding the same to the North State Bank on the same day it was received. The North State Bank, the drawee bank, did not return such check to the First State Bank until April 24, 1962. It was on April 24, 1962, that the First State Bank was informed that payment of such check had been stopped, which information being furnished by the return of the check unpaid.

The First State Bank, as plaintiff, brought this suit against Harvey Braswell d/b/a Harvey's Surplus & Salvage and

Harvey Braswell individually as defendant to recover the amount as represented by said check. The defendant answered contending the consideration for the check failed and B. J. Coode was not the owner thereof for value without notice of such failure of consideration but on the contrary knew the consideration had failed; then contended the check entered into the hands of the First State Bank for collection and the bank was the agent of Braswell for collection purposes and was not the owner of the check. The case was tried to the court without a jury and judgment was granted for the First State Bank for the $570 as represented by the check. From that judgment Braswell perfected this appeal. For convenience the parties will hereafter be referred to as they were in the trial court; the First State Bank as plaintiff and Braswell as defendant.

The defendant presents this appeal upon five points of error contending the court erred as a matter of law in holding that the plaintiff under the facts of this case became the owner and holder of the check; that plaintiff became the innocent purchaser of the check; that plaintiff became holder in due course of the check and in failing to hold plaintiff was the agent of B. J. Coode; further contending there was no evidence to support the finding of the trial court that the plaintiff acquired the check as a holder in due course.

It is undisputed that at the time Coode withdrew the funds represented by the check plaintiff had no notice of any infirmity in the check or of the transaction it represented. The first notice the plaintiff had of the stopping payment order of defendant was on April 24, 1962, when the check was returned unpaid. When the proceeds from the check were withdrawn by Coode, the plaintiff became the owner and holder of the check in due course. First Nat. Bank of Quitman v. Moore, Tex. Civ.App., 220 S.W.2d 694 (writ dismissed); Holt v. First State Bank of Miami, Tex. Civ.App., 74 S.W.2d 1050 (writ dismissed); City State Bank in Wellington v. Lummus,

Tex.Civ.App., 277 S.W.2d 262 (NRE); and United States Cold Storage Corp. v. First Nat. Bank of Fort Worth, Tex.Civ. App., 350 S.W.2d 856.

It is stated in the case of First Nat. Bank of Quitman v. Moore, Tex.Civ.App., 220 S.W.2d 694 (writ dismissed) as follows:

"It must be remembered that appellee Moore issued and placed in circulation the check here in controversy as a negotiable instrument. He should have known that rights of other persons would or might attach to it in due course, and that such persons would suffer damages if he were permitted to void the check as he and Deaton attempted to do two days after it had left his hands, and one day after it had been bought and paid for by the appellant bank."

We are of the opinion the plaintiff was the holder in due course of such check for valuable consideration and entitled to recover thereon. Judgment of the trial court is affirmed.