**B. B. McPHEETERS et ux., Appellants,**

v.

**The FARMERS STATE BANK, CENTER, TEXAS, Appellee.**

No. 287.

Court of Civil Appeals of Texas.

Tyler.

June 8, 1967.

Neal Birmingham, Linden, for appellants.

McLeroy & McLeroy, Tom McLeroy, Center, for appellee.

DUNAGAN, Chief Justice.

This suit was brought by appellants, B. B. McPheeters and wife, against the appellee, Farmers State Bank of Center, Texas, to recover $713.33 plus attorney's fees. The sum in controversy was the amount of a check drawn by appellants on the appellee which the latter paid and charged against the appellants' account. Appellants alleged that the appellee improperly paid the check and charged it against their account, because the check had been countermanded prior to its presentment to the appellee. The appellee answered by pleading a counterclaim in the amount of $713.33. This counterclaim was based upon an assignment to appellee of certain alleged claims against B. B. McPheeters owned by the Atlanta National Bank in Atlanta, Texas.

The trial was before the court and at the conclusion of the evidence, a take nothing judgment was entered against appellants. We affirm this judgment.

The facts giving rise to the controversy are essentially as follows: On Thursday, March 19, 1964, appellants drew a check upon their account with appellee in the amount of $713.33 payable to J. O. Hawkins. The check was given to Hawkins as partial consideration for a certain cafe business located in Atlanta, Texas. It was stipulated that the instrument in question was presented by Hawkins to the Atlanta National Bank on Friday,

March 20, and that the Atlanta bank paid him the face amount of the check at that time.

After the transaction with Hawkins, the McPheeters became dissatisfied with the sale and they decided to stop payment on the check. About noon on Saturday, March 21, they called the appellee bank and talked with someone there who told them that the bank needed to have a written order before payment of the check could be stopped. Since the bank had closed by the time the call was completed, the McPheeters sent a telegram to Mr. Jack Motley, president of the bank, which read as follows:

"WESTERN UNION

TELEGRAM

"Charge to the Account of        Time Filed

"6–2788        119P

"To MR JACK ~~WHATLEY~~ MOTLEY        Mar 21 1964

"Destination      CENTER, TEXAS
"STOP PAYMENT ON CHECK AMOUNT $713.33 TO MR J O HAWKINS.

"B. B. McPHEETERS"

This telegram was sent to Motley's home, and it was received by him on Sunday, March 22.

On Monday, March 23, Mrs. McPheeters called the appellee before it opened and talked to a bookkeeper who told her that the telegram had been received and that the check would "not go through." After talking with the bookkeeper, Mrs. Mc-Pheeters personally went to the bank and talked with Mr. Motley. At this time, Mrs. McPheeters offered to withdraw her account to insure that the check could not be paid but Mr. Motley told her that she did not have anything to worry about, and he assured her that he would send the check back.

After Mrs. McPheeters left the bank, Mr. Motley discovered that on the previous Friday, March 20, Mr. T. E. Morrison, one of appellee's cashiers, had spoken by telephone with an officer of the Atlanta Bank concerning the McPheeters check. Mr. Morrison told the Atlanta Bank that the check was good and that it would be paid when presented. Upon learning of this, Mr. Motley wrote Mrs. McPheeters and informed her that, because of its representations to the Atlanta Bank, there was no way that the appellee could stop payment on her check. Consequently, when the check was subsequently presented to appellee, it was paid and the McPheeters. account was charged with the same.

After the above had occurred, the appellee procured from the Atlanta Bank an assignment reading in part as follows:

"* * * the Atlanta National Bank, in Atlanta, Texas, does hereby transfer and assign unto said Farmers State Bank, of Center, Texas, all its claim, cause of action, rights and equities against the maker or drawer of such check which this bank had as a holder in due course, and does hereby subrogate the Farmers State Bank, of Center, Texas, to all such claim, cause of action, rights and equities against such maker in connection with such transaction."

This assignment was dated "as of" March 20, 1964, but was notarized October 8, 1964.

In response to requests therefor, the trial court filed findings of fact substantially in accordance with the above facts. The court also filed conclusions of law, finding (1) that the Atlanta Bank was a holder in due course of the McPheeters check, (2) that the appellee was an assignee of the Atlanta Bank's causes of action and rights against the appellants, and (3) that, because of this assignment, the appellee was entitled to offset the rights and claims assigned therein against claims of the appellants.

The appellants have appealed this cause on three points of error, contending that the trial court erred (1) in holding that the Atlanta Bank was a holder in due course, (2) in failing to hold that the appellee was liable to appellants by virtue of its payment of the check after it had been countermanded, and (3) in failing to hold that appellee was estopped to deny its liability for paying the check, because of various representations made by it to appellants.

■ The record does not reveal upon what theory the trial court's judgment was rendered, but, because of his conclusions of law, it would seem that the court *did* hold that appellee was liable to appellants for paying the check, but that appellee had a lawful offset against appellants' claim equal to its liability. In this connection, it would seem clear that the check was properly countermanded by substantial compliance with the provisions of Art. 342–712, Vernon's Ann.Tex.Civ.St., and that appellee became liable to appellants for the amount of the check when it paid the same contrary to the stop payment order, Hewitt v. First Nat. Bank, 113 Tex. 100, 252 S.W. 161 (Tex.Com.App., 1923). This is true regardless of any oral statements to the Atlanta Bank that the check was good and would be paid, American Nat. Bank v. Reed, 134 S.W.2d 782 (Tex. Civ.App., Amarillo, 1939, writ dism.); Huffman v. Farmers' Nat. Bank of Cross Plains, 10 S.W.2d 753 (Tex.Civ.App., Eastland, 1928, no writ).

■ It would seem, therefore, that the critical question on this appeal is whether or not the appellee's liability could be offset by the alleged claims against appellant, B. B. McPheeters, which the Atlanta Bank purported to assign to appellee. The only point of error in appellants' brief which relates to this question is their first point which states that the trial court erred in holding that the Atlanta Bank was a holder in due course of the check. In this regard, the parties stipulated and agreed that, at the time J. O. Hawkins negotiated the check to the Atlanta National Bank (1) the check was complete and regular on its face; (2) the check was not overdue; (3) the check had not been previously dishonored; (4) the Atlanta Bank took the check in good faith and for value, and (5) when it took the check, the Atlanta Bank had no notice of any infirmity in the instrument or defect in its title. A person taking a negotiable instrument under these conditions qualifies as a holder in due course under the provisions of Art. 5935, Sec. 52, V.A.T. S. It has been specifically held in cases similar to the present case that a collecting bank becomes a holder in due course if it takes a check which meets the requirements of Sec. 52 and pays value for the same before it has notice that the check has been countermanded, United States Cold Storage Corporation v. First National Bank of Fort Worth, 350 S.W.2d 856 (Tex.Civ.App., Fort Worth, 1961, writ ref., n.r.e.); Braswell v. First State Bank of Amarillo, 367 S.W.2d 944 (Tex.Civ.App., Amarillo, 1963, writ dism., w.o.j.); City State Bank in Wellington v. Lummus, 277 S.W.2d 262 (Tex.Civ. App., Amarillo, 1954, writ ref., n.r.e.); First Nat. Bank of Quitman v. Moore, 220 S.W.2d 694 (Tex.Civ.App., Texarkana, 1949, writ dism., w.o.j.). Appellants' point of error challenging the finding that the Atlanta Bank was a holder in due course is accordingly overruled.

■ Appellants have not brought forward any points of error challenging the validity of the Atlanta Bank's assignment to appellee, nor have they assigned a point

of error contending that the Atlanta Bank had no cause of action against appellants to assign in view of the fact that Atlanta had been paid the full amount of the check by appellee. We cannot, therefore, consider these questions or base any part of our decision thereon, Rule 418, Texas Rules of Civil Procedure; Porter v. Bell, 287 S.W.2d 333 (Tex.Civ.App., San Antonio, 1955, writ ref., n.r.e.); Rutledge v. Valley Evening Monitor, 289 S.W.2d 952 (Tex.Civ.App., San Antonio, 1956, no writ).

The judgment of the trial court is affirmed.