■ LONG ISLAND NATIONAL BANK, Appellant, v. ROBERT ZAWADA, Respondent, et al., Defendant.— In an action by a bank to recover upon a check against which it made a payment to the payee, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 19, 1970 in favor of defendant Robert Zawada (the maker), upon the decision of the trial court granting Zawada's motion to dismiss the complaint and denying plaintiff's motion for a directed verdict, upon a jury trial, after the close of the entire case. Judgment reversed, on the law, with costs, and judgment directed to be entered in favor of plaintiff against defendant Zawada for $4,592.96 plus interest from September 18, 1968 and costs and disbursements. The sole issue on this appeal is whether a depositary bank may achieve the status of a holder in due course of negotiable paper deposited with it by its customer. The facts are not in dispute. Defendant Zawada issued his check in the amount of $5,000, which represented payment for the purchase of an auto-

mobile which the payee (defendant Marchese, against whom a default judgment was entered) was to deliver a few hours after receiving the check. When delivery of the automobile was not made, Zawada notified the drawee bank to stop payment on the check. The payee deposited the check in his account with plaintiff bank, which account then had a credit balance of $7.04. On the same day that the deposit was made, the payee drew his own check in the amount of $4,600 which plaintiff cashed. Because of the stop payment order, plaintiff was subsequently unable to collect on Zawada's check. Since the payee had a credit balance of $7.04 in his account when the $4,600 check was cashed, the actual amount drawn against the $5,000 deposit was $4,592.96. The contention successfully advanced below by Zawada is that section 4–201 of the Uniform Commercial Code (hereinafter cited as U. C. C.) makes the depositary bank an agent of its customer and that, therefore, the defense of failure of consideration available against the payee is available against plaintiff. However, section 4–208 (subd. [1], par. [c]) of the U. C. C. states that a bank has a security interest in any item deposited with it if it makes an advance upon the item; and section 4–209 of the U. C. C. states that the bank has given value to the extent that it has a security interest in an item, for purposes of determining whether the bank is a holder in due course of the item. That a depositary bank could become a holder in due course of an item, to the extent that it allows withdrawal thereon, has long been the law in this State (*Bath Nat. Bank* v. *Ely N. Sonnenstrahl, Inc.*, 249 N. Y. 391). Section 4–201 of the U. C. C. in no way detracts from the effect of sections 4–208 and 4–209; and the operation of the latter sections is in no way dependent upon the former. The creation of an agency relationship under section 4–201 was not intended to impair the depositary bank's rights as a holder in due course. Thus section 4–201 states that the settlement given by a collecting bank is provisional before the settlement is final and that the collecting bank is an agent or sub-agent of the owner of the item, unless a contrary intent clearly appears. The purpose of the section is to avoid litigation over the status of collecting banks. It operates to keep the risk of loss upon the owner of the item rather than the bank and gives to the depositary bank a right to reimbursement superior to the owner's rights to the proceeds and superior to the rights of the owner's creditors (cf. *Pazol* v. *Citizens Nat. Bank of Sandy Springs*, 110 Ga. App. 319). Therefore, while a collecting bank is presumed to be an agent of the owner, it may, at the same time, be a holder in due course of the deposited item (*Citizens Nat. Bank of Englewood* v. *Fort Lee Savs. & Loan Assn.*, 89 N. J. Super. 43; *Falls Church Bank* v. *Wesley Heights Realty*, 256 A. 2d 915 [D. C.]; and see cases collected at 18 ALR 3d 1388–1391). While we have held above that plaintiff, as a matter of law, has given value for the negotiable instrument in question, we do not feel it necessary to send the case back for a new trial and a determination of whether plaintiff has satisfied the other requirements for status as a holder in due course pursuant to section 3–302 of the U. C. C. The evidence at the trial already held shows conclusively that plaintiff took the instrument without notice that it had been dishonored or that there was any defense against it on the part of any person. The only issue remaining with regard to plaintiff's status as a holder in due course is whether it took the instrument in good faith. At the trial, after the parties had rested, Zawada moved to reopen the case in order to present evidence that the payee's account with plaintiff had been consistently overdrawn prior to the transaction giving rise to this action. The motion was denied solely because the court had already determined that the applicable law mandated a directed verdict in Zawada's favor. However, even

if Zawada had been allowed to introduce such evidence, it would not have gone to the issue of good faith (cf. *Citizens Nat. Bank of Englewood* v. *Fort Lee Savs. & Loan Assn., supra; United States Cold Stor. Corp.* v. *First Nat. Bank of Forth Worth,* 350 S. W. 2d 856 [Tex]). Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.