379 F.Supp. 293 (1974)
COMMERCE BANK OF UNIVERSITY CITY, a corporation, Plaintiff,
v.
EDCO FINANCIAL SERVICES, a corporation, Defendant.
No. 73C 758(4).
United States District Court, E. D. Missouri, E. D.
June 11, 1974.
Jerome M. Rubenstein, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.
Theodore F. Schwartz, Clayton, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Commerce Bank of University City, as depositary bank and holder in due course, has moved for summary judgment against defendant EDCO Financial Services, the issuer and maker of two checks dishonored after plaintiff allowed the withdrawal of credit thereon by the payee. The existence of diversity of citizenship subject matter jurisdiction, granted by 28 U.S.C. § 1332, is admitted in the pleadings.
The pleadings filed herein show that defendant issued on September 28, 1973, and October 1, 1973, two checks drawn on the Century Bank of Los Angeles, California. The first check was drawn in the sum of $12,946.97; the second check was drawn in the sum of $5,000.00. Both checks were made payable to the order of Technical Education Corporation and were signed by Jon H. Tate.
By uncontroverted affidavit of Michael Dolan, plaintiff's vice-president, plaintiff shows that on or about October 1, 1973, the payee endorsed the first check (drawn in the amount of $12,946.97) for deposit and deposited it in its account with plaintiff. Plaintiff thereafter allowed payee to withdraw funds from its account in the full amount of said check. When this withdrawal was allowed plaintiff had no notice or knowledge that the check was overdue, that it had been or would be dishonored, or that there was any defense against it. When plaintiff sent the check for collection through the Federal Reserve Bank of St. Louis, Missouri, the Century Bank of Los Angeles *294 refused to honor the check and returned it to plaintiff with the notation "Payment Stopped" thereon.
On or about October 4, 1973, the $5,000.00 check was endorsed by the payee and followed the same route as the first check. Plaintiff allowed payee to withdraw funds in the full amount of the check without notice or knowledge that the check was overdue, had been or would be dishonored, or that there was any defense against it. Thereafter, the check was presented through the Federal Reserve Bank to the Century Bank of Los Angeles, but was dishonored.
Defendant rejected plaintiff's demand for payment of the checks. After giving defendant credit for all other sums subsequently deposited in the subject accounts, plaintiff herein seeks recovery of $16,482.06, plus interest and costs.
In opposition to this motion defendant has filed the affidavit of its counsel which states that plaintiff knew that payee was experiencing (unspecified) "financial problems", that payee (at an unspecified point in time) was "in an overdraft position", that defendant was a creditor of payee, and that by virtue of a security agreement with payee defendant could "offset any funds payable to" payee. The relevance of any of these assertions to defendant's liability on the subject checks is nowhere shown in the affidavit of defendant's counsel. No memorandum of law accompanied this affidavit.
Plaintiff is located in the State of Missouri and, therefore, the Uniform Commercial Code, as enacted in Missouri in Chapter 400, Revised Statutes of Missouri, provides the applicable substantive law. § 400.4-102(2), RSMo 1969 V.A. M.S.; cf., First National Bank of Sikeston, Missouri v. Jefferson Sales and Distributors, Inc., 341 F.Supp. 659, 665 (S.D. Miss.1971).
Defendant, by its affidavit, has raised no genuine issue of material fact with respect to plaintiff's security interest in the two checks, §§ 400.4-208 and 400.4-209, RSMo 1969, V.A.M.S. or with respect to plaintiff's status as holder in due course, § 400.3-302, RSMo 1969 V.A.M.S. Defendant's attempt to raise factual issues as to plaintiff's knowledge of the payee's financial record is by itself immaterial to defendant's liability as drawer of the subject checks. Texico State Bank v. Hullinger, 75 Ill.App.2d 212, 220 N.E.2d 248 (1966). Notice of the fact that the payee-depositor's account with plaintiff was overdrawn when the withdrawal was allowed would not result in plaintiff's loss of its holder in due course status. Citizens National Bank of Englewood v. Fort Lee Savings and Loan Association, 89 N.J.Super. 43, 213 A.2d 315 (1965).
It plainly appears that plaintiff took the subject checks in good faith, for value, and without notice that they were overdue, had been dishonored or would be dishonored, or of any defense against them on the part of any person. § 400.3-302, RSMo 1969, V.A.M.S. Recovery will be ordered in favor of the plaintiff in the sum of $16,482.06, plus interest and costs.