In re Billy Gene **MAYFIELD**, d/b/a Mayfield Egg Company, Debtor.

C. Kenneth **STILL**, Trustee, Plaintiff,

v.

**CITY BANK & TRUST COMPANY**, Defendant and Third Party Plaintiff,

v.

Billy Gene **MAYFIELD** & White Brothers Poultry and Egg Company, Inc., Third Party Defendants.

Bankruptcy No. 1-81-01341.
Adv. No. 1-82-0863.

United States Bankruptcy Court, E.D. Tennessee.

May 25, 1984.

Harry R. Cash, Chattanooga, Tenn., for plaintiff.

Kyle R. Weems, Chattanooga, Tenn., for defendant and third party plaintiff.

### MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The trustee in bankruptcy for Billy Gene Mayfield brought this suit against City Bank and Trust to recover a promissory note and a real estate mortgage that secures the note. The note is payable to Mayfield, and he is the mortgagee.

Before Mayfield's bankruptcy, he maintained a checking account with City Bank and Trust. White Brothers Poultry and Egg Company issued several checks to Mayfield, totaling about $45,000. When Mayfield deposited the checks to his account at City Bank and Trust, it credited the account. The bank honored Mayfield's checks for at least as much as the amount of the deposit before it actually collected on the checks from White Brothers. Unfortunately for the bank, the checks from White Brothers were dishonored. Mayfield was not financially able to reimburse the bank. Mayfield had in effect already received payment of the checks.

In an effort to protect itself the bank had its attorney draw up a promissory note payable to Mayfield from White Brothers for the amount of the checks and a mortgage on real property to secure the note. These were duly executed by White Brothers and retained by the bank. Mayfield never had possession of either. The bank also retained the dishonored checks.

The trustee contends that the note and mortgage belong to Mayfield or are recoverable by the trustee as a judgment creditor of Mayfield, or that the transaction resulted in a preferential transfer to the bank.

Mayfield equivocated some in his testimony, but the court believes he understood that the note and mortgage were executed solely for the bank's benefit. Mr. Mayfield had been paid and he knew that he was not supposed to have an interest in either the note or the mortgage. These were for the purpose of reimbursing the bank. Tim Pirtle, the bank's attorney in this transaction, said that Mayfield was supposed to endorse the note but failed to do so.

The early Tennessee cases are confusing on the question of how the lack of an endorsement affects the transferee's title to an instrument payable to the order of a specific person. The later cases make it clear that when the transfer is for value the transferee acquires all the transferor's rights. The transferee becomes the owner if the transferor was the owner but holds the instrument subject to all defenses and equities enforceable against the transferor. *Spriggins v. Spriggins*, 15 Tenn.App. 107 (1931); *Jackson Bros. v. Harpeth National Bank*, 12 Tenn.App. 464 (1930); *Furst v. Freels*, 9 Tenn.App. 423 (1928). Adoption of the Uniform Commercial Code did not change this rule. 11 Am.Jur.2d, Bills and Notes § 373 at 397–98 (1963).

The bank gave value for the note by paying Mayfield's checks against the deposit of the dishonored checks. Tenn.Code Ann. § 47–4–208. The court concludes that the bank is and always has been the owner of the note. Mayfield had no interest in it at the time of his bankruptcy.

In the alternative, the court concludes that the bank has a perfected security in-

terest in the note. Possession is sufficient to perfect a security interest in a note and dispenses with the requirement of written security agreement. Tenn.Code Ann. §§ 47–9–203 & 47–9–305. Of course, there must still be an agreement to grant a security interest. Tenn.Code Ann. § 47–9–204. The court believes that Mayfield's intent was sufficient to create a security interest, especially in the sense of a pledge of the note to the bank by delivery.

■ The trustee cannot recover as successor to Mayfield or as a judgment lien creditor of Mayfield. The question remains as to whether transfer of the note to the bank was a preference.

When White Brothers' checks were dishonored and the bank had already honored Mayfield's checks against the deposit, the bank acquired a claim directly against White Brothers. See, e.g., *Commerce Bank v. EDCO Financial Services*, 379 F.Supp. 293, 15 UCC Rep.Serv. 662 (E.D. Mo.1974); *Bank of Costa Mesa v. Losack*, 74 Cal.App.3d 287, 141 Cal.Rptr. 550, 22 UCC Rep.Serv. 1019 (1977); *Long Island National Bank v. Zawada*, 34 A.D.2d 1016, 312 N.Y.S.2d 947, 7 UCC Rep.Serv. 1037 (1970); *Pazol v. Citizens National Bank*, 110 Ga.App. 319, 138 S.E.2d 442, 2 UCC Rep.Serv. 330 (1964).

Furthermore, the transactions between the bank and Mayfield essentially had no effect on his other creditors. The result is that there was no preferential transfer to the bank.

The remaining question is what remedy should be given. The court believes it is sufficient to order Mayfield to endorse the note and assign the mortgage to the bank and also order the trustee to abandon any interest in the note and mortgage. However, the court will allow the bank five days to submit a suggested order. This decision also disposes of the issues raised by the third party complaint. An order will be entered accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.